Filed 6/13/22  P. v. Garcia CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROBERT ANTHONY GARCIA, <br><br> Defendant and Appellant. | F082732 <br><br> (Super. Ct. No. F11902827) <br><br><br> **OPINION** |

<u>**THE COURT**</u>*

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Poochigian, J. and Franson, J.

Appellant Robert Anthony Garcia appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's petition at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore vacate the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2011, an information was filed alleging appellant and Brandon Michael Patterson murdered Leonard Charles Vivian. Following a 2013 jury trial, appellant was convicted of first degree murder. The facts, as detailed in our nonpublished opinion following appellant's direct appeal of his conviction (*People v. Patterson* (Dec. 8, 2015, F067972)), suggest that appellant and another individual killed Vivian in the course of a robbery. Notably, our opinion also states that "[t]he only theory of murder presented to the jury was felony murder, with the alleged underlying felony being attempted robbery."

On January 31, 2019, appellant filed a petition for resentencing pursuant to former section 1170.95. Appellant argued he and Patterson had both been convicted of felony murder and that the evidence showed Patterson was the actual killer. Initially, the People filed an opposition alleging former section 1170.95 was unconstitutional. This eventually led to counsel being appointed for appellant and substantial additional briefing on constitutionality issues.

The trial court, however, determined it would not rule on constitutional issues until a prima facie showing of eligibility was made. Thus, appellant's counsel filed a separate brief which relied on the opinion from appellant's direct appeal and argued appellant had made a prima facie showing of eligibility for relief and was thus entitled to an evidentiary

---

[1] All future statutory references are to the Penal Code.

hearing under the statutory scheme. In conjunction with this briefing, appellant submitted a declaration stating he "was not the actual killer," he "did not, with intent to kill, aid, abet … or assist the actual killer," he "was not a major participant in the felony or … act with reckless indifference to human life," that Vivian was not a police officer, and that he could not now be convicted of murder due to the changes to section 188.

The People again opposed. This time, reciting the facts adduced at trial and contained in the opinion from appellant's direct appeal, the People argued appellant could not make a prima facie showing that he was entitled to relief under the two-prong structure then existing under *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, overruled by *People v. Lewis* (2021) 11 Cal.5th 952, 975, because the evidence demonstrated beyond a reasonable doubt that he was either the actual killer or had acted with reckless indifference to human life. In his reply brief, appellant argued the People's arguments were not proper at the prima facie stage and should be resolved at a future show cause hearing.

At the hearing on appellant's petition, the trial court analyzed the case under the then-existing rubric. The court first determined that the petition was generally adequate, and concluded the next step was to determine whether appellant had "made a prima facie showing that [he] falls within the provisions of [former] section 1170.95[, subdivision ](c)." After reviewing the evidence submitted to the court, including the opinion on appellant's direct appeal, the court denied appellant's petition because "given the information the Court has," appellant "would be eligible for a conviction under the changes within [sections ]188 and 189 of the Penal Code based on the information that is available." The court explained that it considered the process to be a multi-tiered system such that a petitioner could not simply file a petition then go to another hearing where one could present evidence on whether or not they should be resentenced.

This appeal timely followed.

3.

## DISCUSSION

As it currently stands and relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) explains, "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause …." (Stats. 2021, ch. 551, § 2.)

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether appellant "is entitled to relief." The

4.

process for making this determination is similar to habeas corpus proceedings. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition ... the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, second bracketed insertion in original, abrogated on another ground in *Lewis*, at p. 963.)

In this case, the parties agree the trial court erred in determining appellant had not made a prima facie showing of eligibility. Upon review, this court accepts the parties' position. The record of conviction in this case demonstrates that appellant was charged and convicted under a felony-murder theory. Appellant's averments in his petition are in line with this conclusion and demonstrate prima facie eligibility.

This court notes that the record contains substantial factual evidence regarding appellant's role in the underlying crime that could preclude appellant's resentencing. However, as the People concede, the record shows that the jury was instructed on a felony-murder theory, which is eligible for resentencing, and does not demonstrate as a matter of law that resentencing is improper. At the prima facie stage, the court could not properly resolve the resulting conflict between the facts indicating eligibility and those

indicating appellant's conviction did not warrant resentencing and thus could not conclude appellant is, in fact, ineligible for resentencing. (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980.) Appellant is therefore entitled to a show cause hearing under section 1170.95, subdivision (d)(3).

## DISPOSITION

The court grants appellant's November 8, 2021 request for judicial notice.

The April 29, 2021 order denying appellant's petition for resentencing is vacated. The matter is remanded to the superior court with directions to issue an order to show cause and to conduct a hearing on the petition to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).